**F. W. KERSH v. ROBINSON, ROACH & STEVENS.** (No. 1622.) (Court of Civil Appeals of Texas. El Paso. April 3, 1924.) Appeal from Eastland County Court at Law; J. H. Jones, Judge. Cearley & Pearce, of Eastland, for appellant. Scott W. Key and Gilvie Hubbard, both of Eastland, for appellee.

HIGGINS, J. This appeal was filed in the Court of Civil Appeals at Fort Worth on July 31, 1923, later transferred to this court, and thereafter submitted on March 27, 1924. Appellant has failed to file briefs, for which reason the appeal will be dismissed. Rule 38 (230 S. W. viii).

---

**Mrs. Lula LAMBERT v. F. W. HAGEMAN.** (No. 8513.) (Court of Civil Appeals of Texas. Galveston. April 9, 1924.) Error from District Court, Galveston County; J. C. Canty, Judge. James B. & Charles J. Stubbs, of Galveston, for plaintiff in error.

LANE, J. This suit was brought by F. W. Hageman against Mrs. Lula Lambert and her husband, B. R. Lambert, praying for a partition of lot No. 3 and the west one-half of lot No. 4, in the northeast block of outlot No. 34, in the city of Galveston. The plaintiff alleged that, at the time of the acquisition of said property by himself, Mrs. Lula Lambert was his wife, and the property was their community property; that since said acquisition he and Mrs. Lambert had been divorced, and that she is now the wife of B. R. Lambert; that said property is owned one-half by him and the other one-half by Lula Lambert. He alleged that the property cannot be equitably partitioned in kind. Partition of the property was prayed for. In view of the recitals in the judgment rendered, it is unnecessary to state the answer made by the defendants. The court rendered judgment in which it is recited that it was agreed by the parties in open court that the plaintiff should have judgment as prayed for in his petition, and that commissioners of partition should be appointed to make partition of the property. Whereupon the court adjudged that the plaintiff and Mrs. Lambert each owned a one-half undivided part of said property and appointed commissioners of partition to partition the same in kind, if such partition could be made, but, if such partition could not be made, to report such fact to the court. Thereafter the commissioners of partition filed their report, showing that said property was incapable of partition in kind. Whereupon the court approved said report and ordered the property sold for the purpose of

partition. From such judgment Mrs. Lula Lambert has appealed. There is no statement of facts filed in this court, nor has plaintiff in error filed a brief herein. Defendant in error has filed his brief, praying for affirmance of the judgment. Having examined the record, and finding no fundamental error, the judgment is affirmed. Affirmed.

---

**TEXAS & NEW ORLEANS RAILROAD CO. v. PALACE DRUG CO.** (No. 2913.) (Court of Civil Appeals of Texas. Texarkana. April 3, 1924.) Appeal from Henderson County Court; Joe A. Johnson, Judge. E. A. Landman, of Athens, and Baker, Botts, Parker & Garwood, of Houston, for appellant. Justice & Justice, of Athens, for appellee.

HODGES, J. This suit originated in the justice court and grew out of damages to some marble slabs shipped to the appellee from Milwaukee, Wis. It is claimed that the slabs were broken either in transit or in being unloaded from the train. It appears from the evidence that the slabs were shipped from Milwaukee, and when they arrived at Athens, Tex., their destination, they were unloaded by a drayman, who testified that he handled them carefully. It appears that they were crated, and their actual condition could not be ascertained without removing the crating. The slabs were carried to the appellee's drug store and stored in a room, where they remained until more than six months later. When uncrated it was discovered that they were broken in a manner which rendered them worthless. This suit is to recover $120, the value of the slabs, and $5.04 freight charges paid. In both the justice and county courts the plaintiff recovered the amount sued for. Among other defenses, the appellant pleaded that this was an interstate shipment, and that the property was transported under a bill of lading which required the shipper to give notice of any claim for damages within six months from the delivery of the freight as a condition precedent to the right to sue for compensation. It is undisputed that no claim for damages was filed within the six months after delivery of the goods. It has been held that such a stipulation in the bill of lading is legal and constitutes a good defense, unless the damage results from the negligence of the carrier in transporting or in loading or unloading the freight. The evidence in this case is not sufficient to show that the damage resulted from any negligence on the part of the carrier. There is no evidence that the slabs were damaged when unloaded, except the condition in which they were found more than six months later. There is nothing in the record to show what care had been taken of them during the time they were stored in appellee's place of business. We regard the evidence as too unsatisfactory to sustain the judgment rendered. The cause will therefore be reversed and remanded for another trial.